UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROWN,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

    Defendant.
_____/

COMPLAINT

**I.   Introduction**

1.   This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq*.

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Patricia Brown is an adult, natural person residing in Kent County, Michigan.  Ms. Brown is a "consumer" and "person" as the terms are defined and used in the FDCPA.  Ms. Brown is a "consumer," "debtor" and "person" as the terms are defined and used

in the MOC.

4.	Defendant Enhanced Recovery Company, LLC ("ERC") is a Delaware limited liability company, with offices at 8014 Bayberry Road, Jacksonville, Florida 32256. The registered agent for ERC in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. ERC applied for and received a Certificate of Authority to Transact Business in Michigan for the expressly stated purpose of "Third party debt collections via interstate commerce." ERC is licensed (No. 2401002443) by the State of Michigan to collect consumer debts in Michigan. ERC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. ERC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ERC is a "debt collector" as the term is defined and/or used in the FDCPA. ERC is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

**IV.	Facts**

5.	Plaintiff Patricia Brown had an account with Comcast Corporation ("Comcast") which she used to obtain goods and/or services for personal, family and household purposes. Any resulting obligation of Ms. Brown to pay money to Comcast was a "debt" as the term is defined and used in the FDCPA and MOC.

6.	Apparently, Comcast claims that Ms. Brown failed to pay her debt to Comcast and that Ms. Brown's Comcast account is delinquent.

7.	Ms. Brown disputes the alleged debt.

8.	Ms. Brown refuses to pay the alleged debt.

9.	Apparently, Comcast placed Ms. Brown's account with defendant ERC for

collection.

10.     In September and/or October of 2015, ERC placed one or more telephone calls to Ms. Brown's cellular telephone (616-427-9909) in connection with efforts by ERC to collect the alleged debt. The call(s) originated from telephone number 800-875-5156.

11.     On or about November 2, 2015, Ms. Brown responded to the ERC call(s) by placing a call to ERC at telephone number 800-875-5156. The call was answered by an ERC employee who identified himself as Jason Cruz. The ERC employee stated that the entire conversation was being recorded and that ERC was attempting to collect a debt owed by Ms. Brown to Comcast in the amount of $383.03.  Ms. Brown stated that she had no money and that she was not willing to make any payment arrangements of any kind with ERC to pay the alleged debt. The ERC employee responded that collection activities would continue on the account. Ms. Brown asked what she could do so that ERC would stop calling her cellular telephone. The ERC employee responded that Ms. Brown could either pay the account balance or make a settlement arrangement. Ms. Brown asked whether there was any other way to make ERC stop calling her cellular telephone.  The ERC employee responded that ERC would continue to call Ms. Brown until Ms. Brown made payments on the account or resolved the account balance. Ms. Brown asked whether ERC would stop calling if she wrote a letter ERC and asked ERC to stop calling her. The ERC employee responded that it would be up to ERC management to decide whether they felt it necessary to stop the calls.  Ms. Brown again asked whether ERC would stop calling if she wrote a letter to ERC and asked ERC to stop calling her.  The ERC employee responded that there is a "possibility" that ERC would stop calling but that he could not promise that the calls would stop. The ERC employee then added that the collection calls from ERC

3

would continue until the account balance is paid or until Ms. Brown made arrangements with ERC to pay the debt. Ms. Brown repeated that she could not pay any money to ERC and terminated the call.

    12.    The FDCPA states in part:

> **(c) Ceasing communication.**
>
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –
>
>     (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
>     (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
>     (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c).

    13.    The FDCPA states that it is Ms. Brown's right to notify ERC in writing that she refuses to pay the alleged debt or that she wishes ERC to cease further communications with her, after which ERC shall not communicate further with Ms. Brown with respect to the debt, except

to advise Ms. Brown that ERC's collection effort are being terminated, to notify Ms. Brown that ERC or the creditor may or intend to invoke a specified remedy.

14. Despite the foregoing, the ERC employee wrongfully represented and wrongfully implied to Ms. Brown that even if Ms. Brown notified ERC in writing that she wished ERC to cease further communications with her, the collection calls from ERC would continue until the account balance is paid or until Ms. Brown made arrangements with ERC to pay the debt.

15. The FDCPA states that it is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

16. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

17. The FDCPA states that it is unlawful for a debt collector to cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692e(10).

18. ERC through its employee threatened to take action against Ms. Brown that ERC could not legally take or did not intend to take.

19. ERC through its employee used false representations and deceptive means in attempts to collect an alleged debt from Ms. Brown.

20. ERC through its employee wrongfully threatened to cause Ms. Brown's cellular telephone to ring and wrongfully threatened to engage Ms. Brown in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Ms. Brown.

21. The FDCPA states in part, "It is the purpose of this subchapter to eliminate

abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

22. ERC, to increase its business and profits, has knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

23. The acts and omissions of ERC and its employee done in connection with efforts to collect the alleged debt from Ms. Brown were done intentionally and wilfully.

24. ERC and its employee intentionally and wilfully violated the FDCPA and MOC.

25. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

26. Plaintiff incorporates the foregoing paragraphs by reference.

27. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a)   Defendant violated 15 U.S.C. § 1692c;

   b)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with

       the collection of a debt; and

c)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)     Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

28.     Plaintiff incorporates the foregoing paragraphs by reference.

29.     Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)     Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (ii) the legal rights of a creditor or debtor;

c)     Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

d)     Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

    a)      Actual damages pursuant to M.C.L. § 339.916;

    b)      Treble the actual damages pursuant to M.C.L. § 339.916;

    c)      Statutory damages pursuant to M.C.L. § 339.916;

    d)      Equitable relief pursuant to M.C.L. § 339.916; and

    e)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: November 12, 2015

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com